1

2

3    # UNITED STATES DISTRICT COURT

4    ## EASTERN DISTRICT OF CALIFORNIA

5

6    KARLIS RUBEN AUGUSTUS
     HOWARD,                                    Case No.  1:24-cv-00386-BAM (PC)

7
                      Plaintiff,                ORDER GRANTING IN PART MOTION
8                                               FOR LEAVE TO FILE AMENDED
             v.                                 COMPLAINT
9                                               (ECF No. 11)
     KOMAKI, et al.,
10                                              ORDER DENYING MOTION TO STAY AND
                      Defendants.               MOTION FOR APPOINTMENT OF
11                                              COUNSEL
                                                (ECF No. 13)
12

13                                              ORDER STRIKING FIRST AMENDED
                                                COMPLAINT FOR EXCEEDING PAGE
14                                              LIMITATION

15                                              ORDER DIRECTING PLAINTIFF TO FILE
                                                FIRST AMENDED COMPLAINT, **NOT TO
16                                              EXCEED TWENTY-FIVE (25) PAGES**

17                                              **THIRTY (30) DAY DEADLINE**

18

19           Plaintiff Karlis Ruben Augustus Howard ("Plaintiff") is a state prisoner proceeding *pro se*

20   and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has

21   not yet been screened.

22           On October 31, 2024, Plaintiff filed a motion for leave to file an amended pleading, a

23   proposed first amended complaint, and a motion to stay pending Plaintiff's release from state

24   prison.  (ECF Nos. 11–13.)

25   **I.      Motion to Amend**

26           Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

27   pleading once as a matter of course at any time before a responsive pleading is served.

28   Otherwise, a party may amend only by leave of the court or by written consent of the adverse

                                                 1

party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to amend shall be granted.  However, Plaintiff's proposed first amended complaint is thirty pages in length, which exceeds the Court's page limits for complaints.  Plaintiff therefore must file a first amended complaint, **not to exceed twenty-five (25) pages**, in compliance with the Court's page limits.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

**II.    Motion to Stay Pending Release from Prison and Retention of Counsel**

Plaintiff requests that the Court stay this action for ninety days, pending Plaintiff's release

1    from state prison on December 10, 2024.  (ECF No. 13.)  Plaintiff states that he is unable to

2    litigate this case without the assistance of counsel, the Court has denied Plaintiff's request for

3    appointment of counsel, and it is in the interests of justice to stay the proceedings until December

4    10, 2024 in order for Plaintiff to obtain counsel.  Plaintiff intends to file an amended complaint

5    adding defendants and claims with the assistance of counsel, and requires this stay to fairly and

6    adequately prosecute this action.  Plaintiff contends that it is fundamentally unfair to force

7    Plaintiff to litigate this case without the assistance of counsel when Defendants have an army of

8    state appointed attorneys from the Office of the Attorney General litigating on their behalf.  (*Id.*)

9         To the extent Plaintiff is requesting appointment of counsel, Plaintiff is informed that he

10   does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113

11   F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir.

12   1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

13   § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

14   However, in certain exceptional circumstances the court may request the voluntary assistance of

15   counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

16        Without a reasonable method of securing and compensating counsel, the Court will seek

17   volunteer counsel only in the most serious and exceptional cases.  In determining whether

18   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

19   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

20   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

21        The Court has considered Plaintiff's request, but does not find the required exceptional

22   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

23   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

24   almost daily by prisoners who must also litigate their cases without the assistance of counsel.

25        Furthermore, at this stage in the proceedings, the Court cannot make a determination that

26   Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to

27   determine whether it states a cognizable claim.  Finally, based on a review of the record in this

28   case, the Court does not find that Plaintiff cannot adequately articulate his claims.

With respect to Plaintiff's motion for a stay pending his release from prison, that request is denied.  As discussed above, the Court does not find that Plaintiff has presented exceptional circumstances warranting the appointment of counsel, and also does not find that Plaintiff requires counsel to continue litigating this action.  While Plaintiff states that he intends to file an amended complaint with the assistance of counsel, Plaintiff has already filed a proposed first amended complaint.  Although the proposed complaint exceeds the Court's page limits, Plaintiff does not otherwise contend that he was unable to articulate his claims therein without the assistance of counsel.  Plaintiff also has not explained why he is unable to seek counsel before his release from prison.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to file an amended complaint, (ECF No. 11), is GRANTED IN PART;

2.  Plaintiff's motion to stay and motion for appointment of counsel, (ECF No. 13), is DENIED, without prejudice;

3.  Plaintiff's first amended complaint, filed October 31, 2024, (ECF No. 12), is STRICKEN from the record for failure to comply with the Court's page limitations;

4.  The Clerk's Office shall send Plaintiff a complaint form;

5.  Plaintiff's first amended complaint, **not to exceed twenty-five (25) pages**, is due within **thirty (30) days** from the date of service of this order; and

6.  **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 7, 2024**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4